

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,212-01

### IN RE STATE OF TEXAS EX REL. BRIAN RISINGER, Relator

### ON APPLICATION FOR WRIT OF MANDAMUS IN CAUSE NOS. 10,423, 10,425, and 10,427 IN THE 278TH JUDICIAL DISTRICT COURT MADISON COUNTY

*Per curiam*. ALCALA, J., *filed a dissenting statement.*

### O R D E R

We have before us a motion for leave to file a petition for a writ of mandamus filed by the criminal district attorney of Madison County asking us to order the trial judge to vacate his order withdrawing the death warrant and to reinstate the previously ordered death warrant.

In June 2002, a jury found Holiday guilty of three separate offenses of capital

murder.[1]  The jury answered the special issues submitted pursuant to Texas Code of

Criminal Procedure Article 37.071, and the trial court, accordingly, set Holiday's

punishment at death in each case.[2]

This Court affirmed Holiday's convictions and sentences on direct appeal.

*Holiday v. State*, Nos. AP-74,446, AP-74,447, and AP-74,448 (Tex. Crim. App. Feb. 8,

2006)(not designated for publication).  Holiday timely filed initial applications for writs

of habeas corpus in each case, and this Court denied relief.  *Ex parte Holiday*, Nos. WR-

73,623-01, WR-73,623-02, and WR-73,623-03 (Tex. Crim. App. May 5, 2010)(not

designated for publication).

Today, November 18, 2015, the day of Holiday's execution, Holiday's trial

counsel filed in the convicting court pursuant to Article 43.141 a motion to withdraw or

modify the execution date.  With no active pleadings before the trial court, the trial judge

withdrew the death warrant.  A trial judge has the authority to withdraw or modify a death

warrant "if the court determines that additional proceedings are necessary on . . . a

subsequent or untimely application for a writ of habeas corpus *filed* under Article

11.071."  (Emphasis added.)  Art. 43.141(d).  As we have previously held, a judge has no

power to consider the merits of any claims that might be raised in possible future

---

[1]  Holiday was charged in three separate indictments, each alleging capital murder of a different named individual.  The cases were tried together, but the jury was submitted a separate charge for each case, and three separate judgments were rendered.

[2]  Unless otherwise indicated all references to Articles refer to the Code of Criminal Procedure.

applications without the permission of this Court. *See* Art. 11.071 § 5 and *In re John R. Roach*, No. WR-41,168-08 (Tex. Crim. App. June 17, 2008)(not designated for publication). The trial judge was, therefore, without the authority to act.

Leave to file the application is granted. Having granted leave to file, we would normally order the respondent, the Honorable Hal Ridley, to immediately rescind the order of November 18, 2015, withdrawing the death warrant in cause numbers 10423, 10425, and 10427 and to immediately reinstate the death warrant entered in this cause by the Honorable Hal Ridley on August 14, 2015. However, because of the time sensitive nature of these pleadings, we hold that the trial court's November 18, 2015 order withdrawing the death warrant is void, and the death warrant is still valid. No motions for rehearing this matter will be entertained.

IT IS SO ORDERED THIS THE 18th DAY OF NOVEMBER, 2015.

Do Not Publish